STROOCK & STROOCK & LAVAN LLP
ARJUN P. RAO (State Bar No. 265347)
RYAN S. NELSON (State Bar No. 335800)
2029 Century Park East, 18th Floor
Los Angeles, CA 90067-3086
Telephone:  310.556.5800
Facsimile:  310.556.5959
Email:      *lacalendar@stroock.com*

Attorneys for Defendants
  JPMORGAN CHASE BANK, N.A. and KRISTINE BEN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS G. GRAY, an Individual, and ARLENE GRAY, an Individual<br><br>Plaintiffs,<br><br>v.<br><br>KRISTINE BEN, an Individual, and JP MORGAN CHASE BANK, N.A., a Corporation, and DOES 1-10,<br><br>Defendants. | Case No. _____<br><br>**NOTICE OF REMOVAL OF DEFENDANT JPMORGAN CHASE BANK, N.A.** |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 12 U.S.C. § 632 and 28 U.S.C. § 1332(a), as well as 28 U.S.C. §§ 1441 and 1446, defendant JPMorgan Chase Bank, N.A. ("Chase"), by and through its counsel, hereby removes the action entitled <u>Douglas G. Gray and Arlene Gray v. JP Morgan Chase Bank, N.A. et al.</u>, Case No. 21VECV01726, pending in the Superior Court of the State of California, County of Los Angeles (the "Action"), to the United States District Court for the Central District of California on the following grounds:

1. **<u>Removal Is Timely</u>**.  The operative First Amended Complaint ("FAC") was filed on March 11, 2022 and the FAC was received by Chase on April 12, 2022. No trial date has been set in the Action.  The original Complaint was filed on December 17, 2021, but was not served on Chase.

This Notice of Removal is timely pursuant to 12 U.S.C. § 632 because it has been filed before trial of the Action.  The presence of defendant Kristine Ben, who Chase believes is not a proper defendant, is irrelevant with respect to jurisdiction pursuant to 12 U.S.C. § 632.

This Notice of Removal is also timely pursuant to  28 U.S.C. § 1446(b)(1) because it has been filed within 30 days of receipt by Chase of the FAC.

Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process and pleadings filed in the Action are attached hereto as **Exhibit A**.

2. **<u>This Court Has Original Jurisdiction Pursuant To The Edge Act, 12 U.S.C. § 632</u>**.  This Court has subject matter jurisdiction over civil actions to which a corporation organized under the laws of the United States is a party that "aris[e] out of transactions involving international or foreign banking."  12 U.S.C. § 632.  Here, the Action is of a civil nature and Chase is a national bank organized under the laws of the United States.  (<u>See, e.g.</u>, Compl. ¶ 3 (alleging Chase is a "member of the

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST, 18TH FLOOR
LOS ANGELES, CA  90067-3086

- 1 -

1   United States National Banking Association.").)  Moreover, the Action arises out of

2   two alleged wire transfers made by Plaintiffs to international banks, namely banks in

3   Thailand.  (See Compl. ¶¶ 11-17.)

4       Accordingly, the Action is a civil action of which this Court has original

5   jurisdiction, and is one which may be removed by Chase to this Court pursuant to 12

6   U.S.C. § 632.

7       **3.     In The Alternative, This Court Also Has Diversity Jurisdiction**

8   **Over This Action**.  This Court also has original jurisdiction over the Action pursuant

9   to 28 U.S.C. § 1332(a).  As described below, Ms. Ben is a sham defendant and this

10  Court need not consider her citizenship.  See Good v. Prudential Ins. Co. of America,

11  5 F. Supp. 2d 804, 806–807 (N.D. Cal. 1998) ("A defendant may remove a case with

12  a non-diverse defendant on the basis of diversity jurisdiction and seek to persuade the

13  district court that this defendant was fraudulently joined.").

14      The FAC contains no allegations sufficient to allege that Ms. Ben acted

15  outside the scope of her employment and for her own personal advantage such that

16  she would be subject to *individual* liability.  See Mercado v. Allstate Ins. Co., 340

17  F.3d 824, 826 (9th Cir. 2003) (holding that an individually named employee "cannot

18  be held individually liable as a defendant unless she acts for her own personal

19  advantage."); Thu Ha Nong v. Wells Fargo Bank, N.A., No. 10-cv-1538-JVS-MLGx,

20  2010 WL 11614582, at *2 (C.D. Cal. Nov. 22, 2010) (finding defendant was

21  fraudulently joined where defendant acting as an agent and therefore "cannot be held

22  individually liable as a defendant.").

23      In addition, the FAC fails to state a viable cause of action against Ms. Ben (as

24  well as Chase).  With respect to the first cause of action for negligence, Plaintiffs'

25  claim is wholly displaced by Division 11 of the California Uniform Commercial

26  Code ("Division 11").  See Zengen, Inc. v. Comerica Bank, 41 Cal. 4th 239, 249-50

27  (2007) (holding that Division 11 displaces any common law claim, such as Plaintiffs'

28

NOTICE OF REMOVAL OF DEFENDANT JPMORGAN CHASE BANK, N.A.
Case No. _____

LA 52660182

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST, 18TH FLOOR
LOS ANGELES, CA  90067-3086

negligence claim here, where the gravamen of the claim is that the bank improperly accepted and executed a funds transfer); Venture Gen. Agency, LLC v. Wells Fargo Bank, N.A., No. 19-cv-02778, 2019 WL 3503109, at *4 (N.D. Cal. Aug. 1, 2019) (holding Division 11 displaces negligence claims where "based solely upon the wire transfers").  Even if not wholly displaced, which it is, there are no allegations sufficient to establish that Ms. Ben owed Plaintiffs a legal duty *in her individual capacity*.  See, e.g., Das v. Bank of America, N.A., 186 Cal. App. 4th 727, 741 (2010) ("The relationship of bank and depositor is founded on contract, which is ordinarily memorialized by a signature card that the depositor signs upon opening the account.  This contractual relationship does not involve any implied duty to supervise account activity or to inquire into the purpose for which the funds are being used.") (internal quotation marks and citations omitted).  With respect to their claim for financial elder abuse under California Welfare & Institutions Code section 15600 et seq., Plaintiffs do not, and cannot, allege that Ms. Ben *personally* took their funds or that Ms. Ben had the requisite knowledge sufficient to have "assisted" in the taking of Plaintiffs' funds.  See Bortz v. JPMorgan Chase Bank, N.A., No. 21-cv-618-TWR (JLB), 2021 WL 4819575, at *4 (S.D. Cal. Oct. 15, 2021) (holding that a claim for "assisting" financial elder abuse requires that defendants have "actual knowledge of the scam" and concluding that allegations that defendants had "constructive knowledge of—i.e., they should have known about—the underlying fraud" failed to meet the actual knowledge standard); Barrett v. Apple Inc., No. 20-cv-04812, 2021 WL 827235 (N.D. Cal. Mar. 4, 2021) (same).

Accordingly, complete diversity exists as Plaintiffs reside in California (see FAC ¶ 1) and Chase is a national banking association with its main office, as designated in its Articles of Association, in Columbus, Ohio (see Rouse v. Wachovia Mortg., FSB, 747 F.3d 707, 708 (9th Cir. 2014) (holding that a national bank is a

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST, 18TH FLOOR
LOS ANGELES, CA  90067-3086

NOTICE OF REMOVAL OF DEFENDANT JPMORGAN CHASE BANK, N.A.
Case No. _____

LA 52660182

citizen only of the state in which its main office is located as designated in the bank's articles of association)).

Additionally, the amount in controversy exceeds $75,000 as Plaintiffs seek recovery of $69,550 in addition to compensatory damages, punitive damages, and attorneys' fees (see FAC at Prayer for Relief). See, e.g., Guglielmino v. McKee Foods Corp., 506 F.3d 696, 700 (9th Cir. 2007) (holding that aggregation of all relief sought, including "common law and statutory damages, exemplary and punitive damages," as well as attorneys' fees, is proper when evaluating whether amount in controversy satisfied); Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005), as amended on denial of reh'g and reh'g en banc (Feb. 13, 2006) (same).

**4.    Consent of Other Defendants**.  This Court has original jurisdiction over this matter pursuant to 12 U.S.C. § 632 regardless of if other defendants are named.  Even if 28 U.S.C. § 1446(b)(2)(A) were to apply, defendants jointly consent to, and join in, the removal.  Accordingly, removal is proper pursuant to 28 U.S.C. § 1446(a) & (b).

**5.    Venue Is Proper In This Court**.  This Court is the proper district court for removal because the Superior Court of the State of California for the County of Los Angeles is located within the United States District Court for the Central District of California.  See 12 U.S.C. § 632; 28 U.S.C. § 1441(a).

**6.    Notice Will Be Effected**.  Chase concurrently is filing a copy of this Notice of Removal with the Superior Court of the State of California for the County of Los Angeles, without exhibits.  Chase will concurrently serve Plaintiffs with copies of this Notice of Removal and the Notice filed in the Action.

Dated:  May 6, 2022                          STROOCK & STROOCK & LAVAN LLP

NOTICE OF REMOVAL OF DEFENDANT JPMORGAN CHASE BANK, N.A.
Case No. _____

LA 52660182

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST, 18TH FLOOR
LOS ANGELES, CA  90067-3086

ARJUN P. RAO
RYAN S. NELSON


By:      _____/s/ Arjun P. Rao_____
         Arjun P. Rao

Attorneys for Defendants
JPMORGAN CHASE BANK, N.A. and
KRISTINE BEN
Email:  lacalendar@stroock.com

NOTICE OF REMOVAL OF DEFENDANT JPMORGAN CHASE BANK, N.A.
Case No. _____

LA 52660182

STROOCK & STROOCK & LAVAN LLP
2029 CENTURY PARK EAST, 18TH FLOOR
LOS ANGELES, CA  90067-3086

# CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2022 a copy of the foregoing **NOTICE OF REMOVAL OF DEFENDANT JPMORGAN CHASE BANK, N.A** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's EM/ECF System.

*/s/ Arjun P. Rao*
Arjun P. Rao

*Via Mail*
Mark E. Overland
Courtney Overland
Law Offices of Overland & Overland
100 Wilshire Blvd., Ste. 700
Santa Monica, CA 90401

- 1 -

CERTIFICATE OF SERVICE
Case No. _____

LA 52660182

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 12/17/2021 04:04 PM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Salcedo,Deputy Clerk

Case 2:22-cv-03090-DSF-PVC    Document 1 726    Filed 05/06/22    Page 9 of 59    Page ID #:9

**CM-010**

| | | FOR COURT USE ONLY |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>COURTNEY OVERLAND, ESQ.  SBN 289666<br>LAW OFFICES OF OVERLAND AND OVERLAND<br>100 Wilshire Bl., Suite 700<br>Santa Monica, CA 90401 | | |

TELEPHONE NO.: (310) 459-2830    FAX NO. *(Optional):* (213) 459-4621
E-MAIL ADDRESS: courtney@overlaw.net
ATTORNEY FOR *(Name):* Plaintiffs, DOUGLAS G. GRAY and ARLENE GRAY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 6230 Sylmar Avenue
MAILING ADDRESS: 6230 Sylmar Avenue
CITY AND ZIP CODE: Van Nuys, CA 91401
BRANCH NAME: NORTH WEST DISTRICT

CASE NAME:   GRAY v. KRISTINE BEN, etc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[X] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):*  a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):*  Five (5)
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 12/17/2021

COURTNEY OVERLAND, ESQ.                    ▶    *Courtney Overland*
_____              _____
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

CEB | Essential Forms
ceb.com | Forms

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–33.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.**  If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the   **primary**  cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.**  A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.**  In complex cases, only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
　Auto (22)–Personal Injury/Property
　　Damage/Wrongful Death
　Uninsured Motorist (46) *(if the*
　　*case involves an uninsured*
　　*motorist claim subject to*
　　*arbitration, check this item*
　　*instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
　Asbestos (04)
　　Asbestos Property Damage
　　Asbestos Personal Injury/
　　　Wrongful Death
　Product Liability *(not asbestos or*
　　*toxic/environmental)* (24)
　Medical Malpractice (45)
　　Medical Malpractice–
　　　Physicians & Surgeons
　　Other Professional Health Care
　　　Malpractice
　Other PI/PD/WD (23)
　　Premises Liability (e.g., slip
　　　and fall)
　　Intentional Bodily Injury/PD/WD
　　　(e.g., assault, vandalism)
　　Intentional Infliction of
　　　Emotional Distress
　　Negligent Infliction of
　　　Emotional Distress
　　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
　Business Tort/Unfair Business
　　Practice (07)
　Civil Rights (e.g., discrimination,
　　false arrest) *(not civil*
　　*harassment)* (08)
　Defamation (e.g., slander, libel)
　　(13)
　Fraud (16)
　Intellectual Property (19)
　Professional Negligence (25)
　　Legal Malpractice
　　Other Professional Malpractice
　　　*(not medical or legal)*
　Other Non-PI/PD/WD Tort (35)

**Employment**
　Wrongful Termination (36)
　Other Employment (15)

**Contract**
　Breach of Contract/Warranty (06)
　　Breach of Rental/Lease
　　　Contract  *(not unlawful detainer*
　　　*or wrongful eviction)*
　　Contract/Warranty Breach–Seller
　　　Plaintiff  *(not fraud or negligence)*
　　Negligent Breach of Contract/
　　　Warranty
　　Other Breach of Contract/Warranty
　Collections (e.g., money owed, open
　　book accounts) (09)
　　Collection Case–Seller Plaintiff
　　Other Promissory Note/Collections
　　　Case
　Insurance Coverage *(not provisionally*
　　*complex)*(18)
　　Auto Subrogation
　　Other Coverage
　Other Contract (37)
　　Contractual Fraud
　　Other Contract Dispute

**Real Property**
　Eminent Domain/Inverse
　　Condemnation (14)
　Wrongful Eviction (33)
　Other Real Property (e.g., quiet title) (26)
　　Writ of Possession of Real Property
　　Mortgage Foreclosure
　　Quiet Title
　　Other Real Property  *(not eminent*
　　　*domain, landlord/tenant, or*
　　　*foreclosure)*

**Unlawful Detainer**
　Commercial (31)
　Residential (32)
　Drugs (38) *(if the case involves illegal*
　　*drugs, check this item; otherwise,*
　　*report as Commercial or Residential)*

**Judicial Review**
　Asset Forfeiture (05)
　Petition Re: Arbitration Award (11)
　Writ of Mandate (02)
　　Writ–Administrative Mandamus
　　Writ–Mandamus on Limited Court
　　　Case Matter
　　Writ–Other Limited Court Case
　　　Review
　Other Judicial Review (39)
　　Review of Health Officer Order
　　Notice of Appeal–Labor
　　　Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
　Antitrust/Trade Regulation (03)
　Construction Defect (10)
　Claims Involving Mass Tort (40)
　Securities Litigation (28)
　Environmental/Toxic Tort (30)
　Insurance Coverage Claims
　　*(arising from provisionally complex*
　　*case type listed above)* (41)

**Enforcement of Judgment**
　Enforcement of Judgment (20)
　　Abstract of Judgment (Out of
　　　County)
　　Confession of Judgment  *(non-*
　　　*domestic relations)*
　　Sister State Judgment
　　Administrative Agency Award
　　　*(not unpaid taxes)*
　　Petition/Certification of Entry of
　　　Judgment on Unpaid Taxes
　　Other Enforcement of Judgment
　　　Case

**Miscellaneous Civil Complaint**
　RICO (27)
　Other Complaint *(not specified*
　　*above)* (42)
　　Declaratory Relief Only
　　Injunctive Relief Only (non-
　　　harassment)
　　Mechanics Lien
　　Other Commercial Complaint
　　　Case  *(non-tort/non-complex)*
　　Other Civil Complaint
　　　*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
　Partnership and Corporate
　　Governance (21)
　Other Petition *(not specified*
　　*above)* (43)
　　Civil Harassment
　　Workplace Violence
　　Elder/Dependent Adult
　　　Abuse
　　Election Contest
　　Petition for Name Change
　　Petition for Relief from Late
　　　Claim
　　Other Civil Petition

CEB | Essential ceb.com | Forms™

**CIVIL CASE COVER SHEET**

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties resides.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100   Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110   Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070   Asbestos Property Damage<br>☐ A7221   Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260   Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210   Medical Malpractice - Physicians & Surgeons<br>☐ A7240   Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250   Premises Liability (e.g., slip and fall)<br>☐ A7230   Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270   Intentional Infliction of Emotional Distress<br>☐ A7220   Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br><br>1, 4, 11<br>1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

CEB® Essential Forms
ceb.com

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
**Page 1 of 4**

|  | **A**<br>Civil Case Cover Sheet<br>Category No. | | **B**<br>Type of Action<br>(Check only one) | **C**   Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 | Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 | Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 | Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 | Fraud (no contract) | 1, 2, 3 |
| | Professional<br>Negligence<br>(25) | ☐ A6017<br>☐ A6050 | Legal Malpractice<br>Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025 | Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination<br>(36) | ☐ A6037 | Wrongful Termination | 1, 2, 3 |
| | Other Employment<br>(15) | ☐ A6024<br>☐ A6109 | Other Employment Complaint Case<br>Labor Commissioner Appeals | 1, 2, 3<br>10 |
| **Contract** | Breach of Contract/<br>Warranty<br>(06)<br>(not insurance) | ☐ A6004<br><br>☐ A6008<br>☐ A6019<br>☐ A6028 | Breach of Rental/Lease Contract (not unlawful detainer or<br>wrongful eviction)<br>Contract/Warranty Breach-Seller Plaintiff (no fraud/negligence)<br>Negligent Breach of Contract/Warranty (no fraud)<br>Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br><br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections<br>(09) | ☐ A6002<br>☐ A6012<br>☐ A6034 | Collections Case-Seller Plaintiff<br>Other Promissory Note/Collections Case<br>Collections Case-Purchased Debt (Charged Off Consumer Debt<br>Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage<br>(18) | ☐ A6015 | Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract<br>(37) | ☐ A6009<br>☐ A6031<br>☐ A6027 | Contractual Fraud<br>Tortious Interference<br>Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| **Real Property** | Eminent<br>Domain/Inverse<br>Condemnation (14) | ☐ A7300 | Eminent Domain/Condemnation        Number of parcels | 2, 6 |
| | Wrongful Eviction<br>(33) | ☐ A6023 | Wrongful Eviction Case | 2, 6 |
| | Other Real Property<br>(26) | ☐ A6018<br>☐ A6032<br>☐ A6060 | Mortgage Foreclosure<br>Quiet Title<br>Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-<br>Commercial (31) | ☐ A6021 | Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-<br>Residential (32) | ☐ A6020 | Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-<br>Post-Foreclosure (34) | ☐ A6020F | Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-<br>Drugs (38) | ☐ A6022 | Unlawful Detainer-Drugs | 2, 6, 11 |

CEB® Essential Forms
ceb.com®

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C   Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration<br>(11) | ☐ A6115   Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate<br>(02) | ☐ A6151   Writ - Administrative Mandamus<br>☐ A6152   Writ - Mandamus on Limited Court Case Matter<br>☐ A6153   Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review<br>(39) | ☐ A6150   Other Writ/Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect<br>(10) | ☐ A6007   Construction Defect | 1, 2, 3 |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation<br>(28) | ☐ A6035   Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036   Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☒ A6000   Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113   Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121   Civil Harassment With Damages<br>☐ A6123   Workplace Harassment With Damages<br>☐ A6124   Elder/Dependent Adult Abuse Case With Damages<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name/Change of Gender<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

CEB Essential Forms
ceb.com

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the
type of action that you have selected. Enter the address which is the basis for the filing location, including zip code.
(No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1.   ☐ 2.   ☐ 3.   ☐ 4.   ☐ 5.   ☐ 6.   ☐ 7.   ☒ 8.   ☐ 9.   ☐ 10.   ☐ 11. | 20900 Ventura Bl. |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Woodland Hills | CA | 91364 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the NORTH WEST                    District of
the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated:  12/17/2021

_Courtney Overland_
_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY
COMMENCE YOUR NEW COURT CASE:**

1.    Original Complaint or Petition.

2.    If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.    Civil Case Cover Sheet, Judicial Council form CM-010.

4.    Civil Case Cover Sheet Addendum and Statement of Location form, LASC CIV 109, LASC Approved 03-04 (Rev.
12/18).

5.    Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.    A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a
minor under 18 years of age will be required by Court in order to issue a summons.

7.    Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum
must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

CEB® Essential
ceb.com ▪ Forms™

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
**Page 4 of 4**

Assigned for all purposes to: Van Nuys Courthouse East, Judicial Officer: Huey Cotton

Electronically FILED by Superior Court of California, County of Los Angeles on 12/17/2021 04:04 PM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Salcedo,Deputy Clerk

MARK E. OVERLAND (State Bar No. 038375)
COURTNEY OVERLAND (State Bar No. 289666)
LAW OFFICES OF OVERLAND & OVERLAND
100 Wilshire Blvd., Ste. 700
Santa Monica, CA  90401
Telephone:   (310) 459-2830
Facsimile:    (213) 459-4621
Email:        mark@overlaw.net,
              courtney@overlaw.net

Attorneys for Plaintiffs
DOUGLAS G. GRAY
ARLENE GRAY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, NORTHWEST DISTRICT

| | |
|---|---|
| DOUGLAS G. GRAY, an Individual, and ARLENE GRAY, an Individual,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTINE BEN, an Individual, and JP MORGAN CHASE BANK, N.A., a Corporation, and DOES 1-10,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES FOR (1) ELDER FINANCIAL ABUSE; (2) BREACH OF CONTRACT; (3) BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING; (4) BREACH OF IMPLIED DUTY TO PERFORM WITH REASONABLE CARE; AND (5) NEGLIGENCE** |

GENERAL ALLEGATIONS

**Parties**

1.  Plaintiffs DOUGLAS G. GRAY ("Mr. Gray") and ARLENE GRAY ("Mrs. Gray") are individuals who now, and at all times mentioned in this Complaint have been residents of Woodland Hills, California.

2.  Defendant KRISTINE BEN ("BEN") was at all times mentioned herein, a servant, officer and employee of Defendant, JPMORGAN CHASE BANK, N.A. ("CHASE BANK"), and was acting within the course and scope of her employment as Branch Manager and Vice President of the Woodland Hills branch of CHASE BANK.

3.  Defendant CHASE BANK is a Corporation and member of the United States National Banking Association, licensed in California to conduct and regularly conducts banking business in this State.

4.  CHASE BANK has numerous branch offices throughout California, including a branch located at 20900 Ventura Boulevard, in Woodland Hills, California.

5.  Plaintiffs are ignorant of the true names and capacities of the Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names pursuant to Code of Civil Procedure §474. Plaintiffs will amend this Complaint to allege the true names and capacities of such Defendants when the same are ascertained. Plaintiffs are informed and believe, and thereon allege, that each of these fictitiously named Defendants is responsible in some manner for the acts or omissions herein alleged, and that Plaintiffs' injuries that are herein alleged were proximately caused by said acts or omissions.

## Jurisdiction and Venue

6.  Jurisdiction and Venue are proper in this Court because, at all times alleged herein, Plaintiffs resided in Woodland Hills, California and the injuries and damages described herein occurred in Woodland Hills, California.

## STATEMENT OF FACTS

7.  Mrs. Gray was born on September 25, 1940. Mr. Gray was born on September 22, 1940.

### 1992 Contract with Chase Bank

8.  In approximately 1992, Mr. and Mrs. Gray opened and funded a joint checking account at the Woodland Hills branch of CHASE BANK.  The last four digits of this

account were #2196.  They continued to transact banking business within this account until they closed it in January, 2021.

**2005 Contract with Chase Bank**

9.   In 2005, Mr. Gray opened a savings account at the CHASE BANK in Woodland Hills in his name only. This account was used exclusively to deposit Mr. Gray's monthly social security payments.  The last four digits of this savings account were #0855.  This account was closed in January, 2021.

10.  On and before November 30, 2020, CHASE BANK enacted and maintained the following customer account security policies and procedures:

- Protecting against identity theft, which includes stealing money from a customer's account;
- Assisting customer to correct any unauthorized transactions in his/her Chase accounts;
- Close accounts that were charged fraudulently;
- Monitoring customer online account activities to detect fraud as early as possible;
- telephoning customer if Chase notices a change in online account activity; and
- encouraging customers who believe that their accounts has been compromised to contact Chase immediately in order for Chase to respond quickly to potential fraud.

11.  On Monday, November 30, 2020, unknown persons contacted Mrs. Gray and informed her that $35,000 had mistakenly been deposited from an outside source into her Chase checking account ending in #2196.  Mrs. Gray utilized the Chase online banking service and verified that this amount had in fact been deposited into her account. Unbeknownst to Mrs. Gray, the source of this $35,000 transfer was Mr. Gray's Chase savings account ending in #0855, containing only his social security payments.

12.  The unknown persons then instructed Mrs. Gray to wire transfer to Bangkok Bank the sum of $34,650.00 to remedy the purportedly erroneous deposit.

**November and December 2020 Wire Transfer Contracts with Chase Bank**

13.   On Monday afternoon, Mrs. Gray personally delivered the requested wire instructions to a Chase employee at the Woodland Hills branch. The bank employee prepared the wire transfer to the recipient, pursuant to the instructions.  The wire transfer provided that funds would be available to the recipient on December 9, 2020.  A copy of this wire transfer is attached hereto as Exhibit 1.

14.   On Wednesday, December 2, 2020, Mrs. Gray was again contacted by an unknown individual informing her that the money wired by Chase Bank was incorrect in that the proper amount to be wired was $35,000.  Mrs. Gray was then informed that they mistakenly transferred $36,000 to her checking account to remedy the matter.  Mrs. Gray again utilized the Chase online banking service and verified that $36,000 had in fact been deposited into her checking account.  Unbeknownst to Mrs. Gray, the source of this $36,000 again constituted an unauthorized transfer from Mr. Gray's Chase savings account ending in #0855, containing only his social security payments.

15.   Neither Mrs. Gray nor Mr. Gray were aware that each of the transfers made from Mr. Gray's savings account into the joint checking account were made by someone unauthorized to access these accounts.

16.   On the morning of Thursday, December 3, 2020, Mrs. Gray personally delivered the instructions for the second wire transfer to an employee at the Chase Bank West Hills Branch.  The second wire transfer provided that funds would be available to the recipient on December 15, 2020.  A copy of the second wire transfer receipt is attached hereto as Exhibit 2.

17.   On the afternoon of Friday, December 4, 2020, after receiving an email from the unknown person regarding an additional wire transfer, Mrs. Gray became suspicious that the unknown person was perpetrating a scam to defraud her and Mr. Gray.  Mrs. Gray went to the Woodland Hills Chase Bank branch and relayed her suspicions relating to the two wire transfers to a bank employee, who directed her to give the information to a male bank employee who occupied an inner office at the branch, and whose first name was "Serge."

1   When told of the circumstances surrounding the transfers, Serge stated that this was an
2   "elder scam." Serge made a telephone call to an unknown person and Mrs. Gray recalls
3   hearing the words "involves thousand of dollars" and "draining account."

4       18.  On Saturday December 5, 2020, at 9:00 a.m., both Mr. and Mrs. Gray, together
5   with their daughter and grandson, went to the Woodland Hills Chase Bank branch, and
6   personally met with Defendant Ben, and Chase employee Kristie Hunt.  Ben suggested that
7   Mr. and Mrs. Gray close their Chase accounts and open new accounts, which was done by
8   Ms. Hunt.  Ben said nothing about how Chase would respond to the potential fraud due to
9   the unauthorized transfer between our Chase accounts and the fraudulently induced wire
10  transfers.

11      19.  Mr. and Mrs. Gray's grandson obtained contact information for the recipient bank
12  in Thailand, as well as a branch in New York.  Mr. Gray asked defendant Ben to contact
13  recipient bank concerning the fraudulently obtained wires transfers, and defendant Ben
14  responded, "we don't do that."

15      20.  On Monday, December 7, 2020, Defendant Ben responded to a phone call by Mrs.
16  Gray that she was going to follow-up.

17      21.  During a telephone conversation between Mr. and Mrs. Gray and defendant Ben on
18  Tuesday, December 8, 2020, Ben said that the funds were gone and Chase could do
19  nothing.  When Mr. Gray asked Ben about the dates on the wire transfer receipts in which
20  funds would be available to recipient, Ben stated that those dates "were just estimates."

21      22.  Plaintiffs were never notified of any further action by any Chase employee relating
22  to the fraudulently obtained wire transfers.

23

24                      **FIRST CAUSE OF ACTION**

25      **Elder Financial Abuse, Welf. & Inst. Code §§ 15610.30, 15657.5 (Against all**
26                              **Defendants)**

27  Paragraphs 1 through 23 are incorporated herein by reference as though fully set forth
28  herein.

23.    Each of the defendants assisted in the fraudulent taking, appropriating, obtaining or retaining funds belonging to Plaintiffs in the amount of $69,550.

24.    Each defendant knew or should have known that their conduct would harm Plaintiffs.

25.    Defendant BEN acted with malice, oppression or fraud in that defendant knew that the acts engaged herein by her and by other agents of CHASE BANK, would cause harm to Plaintiffs, who are entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION

### Breach of Contract (against defendant CHASE BANK only)

Paragraphs 1 through 26 are incorporated herein by reference as though fully set forth herein.

26.    On November 30, 2020, Plaintiffs and defendant CHASE BANK entered into a written contract by which defendant CHASE BANK agreed to make an international wire transfer in the amount of $34,550 from Plaintiffs' joint checking account to a third party. The contract provided that the wired funds would be available to the recipient on December 9, 2020. See Exhibit 1.

27.    On December 3, 2020, Plaintiffs and defendant CHASE BANK entered into a second written contract by which defendant CHASE BANK agreed to make an international wire transfer in the amount of $35,000 from Plaintiffs' joint checking account to a third party.  The contract provided that the funds would be available to the recipient on December 15, 2020.  See Exhibit 2.

28.    Paragraph 3(a) of each wire transfer contract provides that after the transfer begins processing, the wire transfer may be canceled upon agreement of the recipient bank.

29.    After being notified on December 4th and December 5th that the wire transfers were induced by fraud, defendant CHASE BANK materially breached the contract by failing to honor plaintiffs' request to contact the recipient bank in order to obtain consent to cancel the wire transfers, as per the contract.

30.   Defendant CHASE BANK acted with malice, oppression or fraud in that the acts of its agent, defendant BEN and others.

31.   Plaintiffs have performed all their obligations under the contract, except those that they were excused from performing.

32.   The acts of defendant CHASE BANK and its agents proximately caused damages to Plaintiffs in excess of $25,000.

## THIRD CAUSE OF ACTION

**Breach of the Covenant of Good Faith and Fair Dealing (against all defendants)**

Paragraphs 1 through 33 are incorporated herein by reference as though fully set forth herein.

33.   Plaintiffs were prevented from receiving the benefits of their contracts with defendant CHASE BANK, due to the actions of Defendant BEN and other agents of defendant CHASE BANK, as specified above. By doing so, defendants did not act fairly and in good faith.

34.   The acts of defendants and its agents proximately caused damages to Plaintiffs.

35.   Plaintiffs are therefore entitled to an award of punitive damages against Defendant CHASE BANK.

## FOURTH CAUSE OF ACTION

**Breach of Implied Duty to Perform with Reasonable Care (against defendant CHASE BANK only)**

Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth herein.

36.   On November 30, 2020, Plaintiffs and defendant CHASE BANK entered into a written contract by which defendant CHASE BANK agreed to make an international wire transfer in the amount of $34,550 from Plaintiffs' joint checking account to a third party. The contract provided that the wired funds would be available to the recipient on December 9, 2020. See Exhibit 1.

37.  On December 3, 2020, Plaintiffs and defendant CHASE BANK entered into a second written contract by which defendant CHASE BANK agreed to make an international wire transfer in the amount of $35,000 from Plaintiffs' joint checking account to a third party.  The contract provided that the funds would be available to the recipient on December 15, 2020.  See Exhibit 2.

38.  Paragraph 3(a) of each wire transfer contract provides that after the transfer begins processing, the wire transfer may be canceled upon agreement of the recipient bank.

39.  After being notified on December 4th and December 5th that the wire transfers were induced by fraud, defendant CHASE BANK failed to use reasonable care (a) to ensure the funds would not be disbursed by recipient bank to its client prior to the contract dates of availability, and (b) by contacting the recipient bank to obtain consent to cancel the wire transfers as fraudulent.

40.  Plaintiffs have performed all their obligations under the contract, except those that they were excused from performing.

41.  The acts of defendant CHASE BANK and its agents proximately caused damages to Plaintiffs.

**FIFTH CAUSE OF ACTION**

**(Negligence, against all defendants)**

Paragraphs 1 through 42 are incorporated herein by reference as though fully set forth herein.

42.  Each defendant failed to use reasonable care to prevent plaintiffs from suffering loss or harm including negligently:

(a)  Twice permitting the transfers of funds from Mr. Gray's savings account without the knowledge or consent of Mr. Gray;

(b)  Failing to monitor Mr. Gray's savings account to recognize the unusual and unprecedented two unauthorized transfers of funds from Mr. Gray's savings account;

(c)     Failing to inform Mr. or Mrs. Gray of either of the two unauthorized transfers of funds from Mr. Gray's savings account; and

(d)     Failing to comply with or employ its rights for the protection of Plaintiffs pursuant to SWIFT ("Society for Worldwide Interbank Financial Telecommunications")

The above conduct violated the Electronic Fund Transfer Act.

43.   As a proximate cause of defendants' negligence, plaintiffs suffered harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demands judgment against Defendants as follows:

**On the First Cause of Action for Elder Financial Abuse:**

1.     Compensatory damages according to proof;

2.     Punitive damages;

3.     Attorneys fees and costs; and

4.     Such other and further relief as the Court deems proper.

**On the Second Cause of Action for Breach of Contract:**

1.   Compensatory damages according to proof; and

2.     Such other and further relief as the Court deems proper.

**On the Third Cause of Action for Breach of the Covenant of Good Faith And Fair Dealing:**

1.   Compensatory damages according to proof;

2.   Punitive damages; and

3.   Such other and further relief as the Court deems proper.

**On the Fourth Cause of Action for Breach of Implied Duty to Perform with Reasonable Care:**

1.   Compensatory damages according to proof;

2.   Punitive damages; and

3.   Such other and further relief as the Court deems proper.

**On the Fifth Cause of Action for Negligence:**

1.  Compensatory damages according to proof; and

      2.  Such other and further relief as the Court deems proper.

DATED: December 17, 2021      LAW OFFICES OF OVERLAND & OVERLAND

                                    _____

                                      By:  COURTNEY OVERLAND
Attorneys for Plaintiffs
DOUG GRAY
ARLENE GRAY

COMPLAINT

Electronically FILED by Superior Court of California, County of Los Angeles on 12/17/2021 04:04 PM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Salcedo, Deputy Clerk

Case 2:22-cv-03090-DSF-PVC    Document 1    Filed 05/06/22    Page 25 of 59    Page ID #:25

21STCV01726

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
KRISTINE BEN, an Individual, and JP MORGAN
CHASE BANK, N.A., a Corporation, and DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DOUGLAS G. GRAY and ARLENE GRAY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>SUPERIOR COURT OF CALIFORNIA - COUNTY OF LOS ANGELES<br>6230 Sylmar Avenue<br>Van Nuys, CA 91401 | **CASE NUMBER**<br>*(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
COURTNEY OVERLAND, ESQ. (SBN 289666)  LAW OFFICES OF OVERLAND AND OVERLAND
100 Wilshire Bl., Suite 700
Santa Monica, CA 90401 (310) 459-2830

| DATE:<br>*(Fecha)* 12/17/2021 | Clerk, by Sherri R. Carter Executive Officer / Clerk of Court<br>*(Secretario)* A. Salcedo | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**[SEAL]**



**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
    under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

CEB
ceb.com  Essential Forms

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

**MARK E. OVERLAND (State Bar No. 038375)**
**COURTNEY OVERLAND (State Bar No. 289666)**
**LAW OFFICES OF OVERLAND & OVERLAND**
100 Wilshire Blvd., Ste. 700
Santa Monica, CA  90401
Telephone:   (310) 459-2830
Facsimile:   (310) 459-4621
Email:      mark@overlaw.net,
            courtney@overlaw.net

**Attorneys for Plaintiffs**
DOUGLAS G. GRAY
ARLENE GRAY

**FILED**
Superior Court of California
County of Los Angeles

**03/11/2022**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ L. Marquez ____ Deputy

Electronically Received 03/11/2022 09:20 AM

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, NORTHWEST DISTRICT

| | |
|---|---|
| DOUGLAS G. GRAY, an Individual, and ARLENE GRAY, an Individual,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTINE BEN, an Individual, and JPMORGAN CHASE BANK, N.A., a Corporation, and DOES 1-10,<br><br>Defendants.<br>_____ | Case No. 21VECV01726<br><br>Assigned to Hon. Huey Cotton<br><br>**FIRST AMENDED VERIFIED COMPLAINT FOR DAMAGES FOR (1) NEGLIGENCE; (2) ELDER FINANCIAL ABUSE** |

### GENERAL ALLEGATIONS

**Parties**

1.  Plaintiffs DOUGLAS G. GRAY ("MR. GRAY") and ARLENE GRAY ("MRS. GRAY") are individuals who now, and at all times mentioned in this First Amended Verified Complaint have been residents of Woodland Hills, California.

2.  Defendant KRISTINE BEN ("BEN") was at all times mentioned herein, an agent, officer, servant, and employee of Defendant, JPMORGAN CHASE BANK, N.A. ("CHASE BANK"), and was acting within the scope of her employment as Branch Manager and Vice President of the Woodland Hills branch of CHASE BANK.

3.  Defendant CHASE BANK is a corporation and member of the United States National Banking Association, licensed in California to conduct and regularly conducts banking business in this State.

4.  CHASE BANK has numerous branch offices throughout California, including a branch located at 20900 Ventura Boulevard, in Woodland Hills, California.

5.  Plaintiffs are ignorant of the true names and capacities of the Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names pursuant to Code of Civil Procedure §474. Plaintiffs will amend this First Amended Verified Complaint to allege the true names and capacities of such Defendants when the same are ascertained. Plaintiffs are informed and believe, and thereon allege, that each of these fictitiously named Defendants is responsible in some manner for the acts or omissions herein alleged, and that Plaintiffs' injuries that are herein alleged were proximately caused by said acts or omissions.

**JURISDICTION AND VENUE**

6.  Jurisdiction and Venue are proper in this Court because, at all times alleged herein, Plaintiffs resided in Woodland Hills, California and the injuries and damages described herein occurred in Woodland Hills, California.

**STATEMENT OF FACTS**

7.  MRS. GRAY was born on September 25, 1940.  MR. GRAY was born on September 22, 1940.

8.  In approximately 1992, MRS. GRAY opened and funded a checking account at the Calabasas branch of CHASE BANK.  The last four digits of this account were #2196. MRS. GRAY continued to transact banking business within this account until she closed it in January of 2021.

9.  In 2010, MR. GRAY opened a savings account at the CHASE BANK in Calabasas in his name only. This account was used exclusively to deposit MR. GRAY'S monthly social security payments ("the social security savings account").  The last four digits of this

savings account were #0855.  In 2019, MRS. GRAY was added as a signator to this account. This account was closed in January of 2021.

10.  On and before November 30, 2020, CHASE BANK enacted and maintained the following customer account security policies and procedures:

- Protecting against identity theft, which includes stealing money from a customer's account;

- Assisting customer to correct any unauthorized transactions in his/her Chase accounts;

- Close accounts that were charged fraudulently;

- Monitoring customer online account activities to detect fraud as early as possible; and

- Encouraging customers who believe that their accounts had been compromised to contact CHASE BANK immediately in order for CHASE BANK to respond quickly to potential fraud.

11. On Monday, November 30, 2020, a person who identified himself as Jonathan (LNU) from the accounting department at Amazon, contacted MRS. GRAY by telephone. Jonathan told Mrs. Gray that a fraudulent charge in the amount of $349.99 had been made to her amazon account, and Amazon would refund that amount, rounded off to $350.00, to her checking account.

12. Jonathan then sent a purported refund form to MRS. GRAY's computer and gained remote access to her computer in order that she could observe him filling out the refund form.  MRS. GRAY watched the refund form being filled out on her computer. The last entry on the form was the amount of the refund, which was erroneously entered as $35,000.

13. After entering the incorrect amount, Jonathan apologized stating that he had entered the wrong amount, which had been transferred to her CHASE BANK checking account, and in order to correct the mistake she would have to repay Amazon this amount.  MRS. GRAY then verified by logging into her online CHASE BANK account that $35,000 had been deposited into her checking account ending in #2196.  Unbeknownst to MRS. GRAY,

the $35,000 had been transferred without her or MR. GRAY's consent, from MR. GRAY'S CHASE BANK savings account ending in #0855.

14. Jonathan then told MRS. GRAY that Hector (LNU), a financial officer from Amazon, would give her wire transfer instructions to transfer $34,650 to the Bangkok Bank in Thailand.  An individual who identified himself as Hector said that the amount to transfer was less than $35,000 because she should deduct $350.00 as the credit for the fraudulent purchase and $100 for the wire fees she would probably be charged. Hector then emailed MRS. GRAY with the wire instructions to wire the $34,650 to the Bangkok Bank.

15.  On November 30th, MRS. GRAY traveled to the CHASE BANK branch in Woodland Hills, and gave the wire instructions provided by Hector, which included the name, address and account number of the Bangkok Bank, to a bank employee.  MRS. GRAY was informed by the bank employee that it was past the cutoff time for outgoing wires, and that the wire transfer would be processed on Tuesday, December 1st.

16. At no time did any CHASE BANK Manager or employee ask Mrs. Gray any questions about the purpose of sending this wire transfer.  Had such questions been asked of MRS. GRAY and had any manager or employee of CHASE BANK alerted MRS. GRAY to any possible fraud, MRS. GRAY would not have requested the wire transfer.

17. Exhibit 1 is a true and accurate copy of the wire transfer receipt provided to MRS. GRAY by CHASE BANK on November 30, 2020.

18. On Wednesday, December 2, 2020, MRS. GRAY received another telephone call from "Hector", who stated that the wire transfer in the amount of $34,650 was incorrect because it did not match the original $35,000 erroneously transferred to her checking account by Amazon.  Amazon therefore returned the money, but instead of $34,650, they mistakenly returned $36,000 to her checking account.  Therefore, in order to correct the error, MRS. GRAY should send another wire transfer to the same Bangkok Bank, in the amount of $35,000, and Hector would take responsibility for the $1,000 mistake.

19.  MRS. GRAY again verified through the CHASE BANK online system that $36,000 had been deposited into her checking account.  Unbeknownst to MRS. GRAY, the $36,000

1  had been transferred without her or MR. GRAY's consent, from MR. GRAY'S CHASE

2  BANK savings account ending in #0855.  Hector emailed MRS. GRAY the wire

3  instructions to the Bangkok Bank.

4      20. On the morning of Thursday, December 3, 2020, due to a medical appointment for

5  MR. GRAY, MRS. GRAY went to the West Hills branch of CHASE BANK.  MRS.

6  GRAY sent the second wire transfer in the amount of $35,000 according to the wire

7  instructions emailed to her by Hector.

8      21. At no time did any CHASE BANK manager or employee ask Mrs. Gray any

9  questions about the purpose of sending this second wire transfer, to the same bank, within

10  three days of the first wire transfer.  Had such questions been asked of MRS. GRAY and

11  had any manager or employee of CHASE BANK alerted MRS. GRAY to any possible

12  fraud, MRS. GRAY would not have requested the wire transfer.

13     22. Exhibit 2 is a true and accurate copy of the wire transfer receipt provided to MRS.

14  GRAY by CHASE BANK on December 3, 2020.

15     23.  On Friday, December 4th, MRS. GRAY received an email from Hector that there

16  was a new problem that had to be remedied with a third wire transfer.

17     24.  Thereafter, MRS. GRAY spoke with a friend and told her how stressful it had been

18  due to the multiple wire transfers with CHASE BANK, to remedy fraudulent purchases on

19  her Amazon account.  The friend expressed her concern and told MRS. GRAY it was a

20  scam.  The friend instructed MRS. GRAY to tell her bank and close her accounts right

21  away, because the same thing happened to another friend.

22     25. On Friday, December 4, 2020, after receiving the email regarding a third proposed

23  wire transfer, MRS. GRAY went to the Woodland Hills CHASE BANK and relayed her

24  suspicions relating to the two wire transfers to a bank employee, who directed her to give

25  the information to a male bank employee who occupied an inner office at the branch, and

26  whose first name was Serge (LNU).  When told of the circumstances surrounding the

27  transfers, Serge stated that this was an "elder scam."  Serge made a telephone call to an

28  unknown person and MRS. GRAY recalls hearing the words "involves thousands of

1  dollars" and "draining account." Serge instructed MRS. GRAY to disable her computer

2  immediately and get it "scrubbed".

3     26. On Saturday December 5, 2020, at 9:00 a.m., both MR. and MRS. GRAY, together

4  with their daughter, Stephanie, and grandson, Trevor, went to the Woodland Hills CHASE

5  BANK, and personally met with Defendant BEN, and CHASE BANK employee Kristie

6  Hunt.  BEN suggested that MR. and MRS. GRAY close their CHASE BANK accounts and

7  open new accounts, which was done by Ms. Hunt.  BEN said nothing about how CHASE

8  BANK would respond to the theft.  MR. and MRS. GRAY'S daughter suggested that an

9  "Urgent Escalation Form" be processed.

10     27. MR. and MRS. GRAY'S grandson obtained contact information for the recipient

11  bank in Thailand, as well as a branch in New York.  MR. GRAY asked defendant BEN to

12  telephone recipient bank concerning the fraudulently obtained wire transfers. BEN

13  responded, "we don't do that."

14     28. During a telephone conversation between MR. and MRS. GRAY and BEN on

15  Tuesday, December 8, 2020, BEN said that the funds were gone and CHASE BANK could

16  do nothing.  The wire transfer documents given to MRS. GRAY attached as Exhibits 1 and

17  2 stated "Date Funds Available to Recipient:  December 09, 2020" (Exhibit 1-2) and "Date

18  Funds Available to Recipient: December 15, 2020 (Exhibit 2-2).

19     29. Plaintiffs were never notified of any further action or response by any CHASE

20  BANK employee regarding the theft of their funds.

21

22                                **FIRST CAUSE OF ACTION**

                      **(Negligence, against all defendants)**

23

24        Paragraphs 1 through 29 are incorporated herein by reference as though fully set

25  forth herein.

26  30.      With respect to the wire transfers from MRS. GRAY's checking account to Bangkok

27  Bank, each defendant failed to use reasonable care to prevent plaintiffs from suffering loss

28  or harm.  Defendants' negligence included, but was not limited to:

a.  failing to implement, utilize, and train and supervise its directors, officers, and employees in CHASE BANK's policies and procedures relating to the prevention of elder financial abuse and the authorization of wire transfers which reasonably could be procured by fraud;

b.  failing to implement, utilize, train and supervise its directors, officers, and employees in policies and procedures which are the custom and practice in the banking industry for the discovery and prevention of elder financial abuse and the authorization of wire transfers which reasonably could be procured by fraud;

c.  failing to utilize internal CHASE BANK procedures, such as immediately contacting the CHASE BANK security or loss prevention departments, in order to recall the wire transfers, which is contrary to the custom and practice of the banking industry relating to the recall of fraudulent wire transfers;

d.  failing to make reasonably inquiry, prior to approving the wire transfers, to determine whether MRS. GRAY may have been the victim of a fraud, scam, or financial exploitation;

e.  failing to follow banking procedures after determining that MR. and MRS. GRAY may have been the victims of elder financial abuse; and

f.  failing to implement the 2016 Report and Recommendations of the Consumer Financial Protection Bureau ("CFPB") on preventing and responding to elder exploitation. This report emphasizes that banks are in a unique position to discover and remedy financial abuse of elders, which has been called "The crime of the 21st century."

31.  Defendants' acts described above failed to comply with the recall procedures of the international messaging network known as the Society for Worldwide Interbank Financial Telecommunications ("SWIFT"), and the SWIFT Global Payments Innovation ("SWIFT gpi").

32.    As a proximate cause of defendants' negligence, plaintiffs suffered harm and are entitled to compensatory damages according to proof.

## SECOND CAUSE OF ACTION

### Elder Financial Abuse, Welf. & Inst. Code §§ 15610.30, 15657.5 (Against All Defendants)

Paragraphs 1 through 32 are incorporated herein by reference as though fully set forth herein.

33.  Each of the Defendants knowingly assisted or facilitated in the fraudulent taking, appropriation, or retention of funds belonging to Plaintiffs in the amount of $69,550.

34. Each Defendant knew or should have known that their conduct would harm Plaintiffs.

35. Despite notice that the remittance transfers ("wire transfers") were fraudulent, and despite CHASE BANK's knowledge of the ages of Plaintiffs, defendants CHASE BANK and BEN, failed to utilize or implement known procedures that would have prevented the fraudulent taking of Plaintiffs' funds by the fraudulent wire transfer.

36. As a proximate result of Defendants' conduct, Plaintiffs are entitled to compensatory damages, including damages for emotional distress, pursuant to Welf. & Inst. Code § 15657.5(a).

37. Defendants' violation of Plaintiffs' rights to ownership, possession, and enjoyment of their property, as described above, was reckless, malicious, or fraudulent, entitling Plaintiffs to an award of punitive damages, pursuant to Welf. & Inst. Code § 15657.5(b). (c), and (d), and exemplary damages under Cal. Civ. Code § 3294.

38. Plaintiff is entitled to reasonable attorneys fees, pursuant to Welf. & Inst. Code § 15657.5(a).

//
//
//

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demands judgment against Defendants as follows:

**On the First Cause of Action for Negligence:**

    1.  Compensatory damages according to proof.

**On the Second Cause of Action for Elder Financial Abuse:**

    1.  Compensatory damages, including damages for emotional distress, according to proof;

    2.  Punitive or exemplary damages, according to proof; and

    3.  Attorneys fees.

**On All Causes of Action:**

    1.  For costs of suit; and

    2.  For such further relief as the court deems just and proper.

DATED: March 2, 2022          LAW OFFICES OF OVERLAND & OVERLAND

By:  COURTNEY OVERLAND
Attorneys for Plaintiffs
DOUGLAS G. GRAY
ARLENE GRAY

By:  MARK OVERLAND
Attorneys for Plaintiffs
DOUGLAS G. GRAY
ARLENE GRAY

FIRST AMENDED VERIFIED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **<u>Verification of Doug Gray and Arlene Gray</u>**

We, Doug Gray and Arlene Gray, are the Petitioners in this matter.  The facts alleged in this First Amended Verified Complaint are true and based on our personal knowledge.

Executed this <u>2nd</u> day of March, 2022, in Woodland Hills, California.

We declare under penalty of perjury that the above is true and correct.

*/s/ Douglas G. Gray*                          */s/ Arlene Gray*
Douglas G. Gray                                  Arlene Gray

# EXHIBIT 1



## CHASE ⬡

## Consumer International Wire Transfer Proof of Payment

You have authorized a Consumer International Wire Transfer in the amount of  $34,550.00

This transaction is from account ending in 2196    and sent to :
  BANGKOK BANK PUBLIC COMPANY LIMITED

A Consumer International Wire Fee of  $0.00    will be applied.

**Transaction Date:**  11/30/2020

**Transaction Time**:  06:35:49 PM EDT

**Confirmation Code/ Chase Wire Tracking Number:**   KI56NADV00AI

---

**Wire Tracking Information**

| Transaction Number (Contact ID): |
|---|
| 284594189910001 |



Exh. 1-1

# CHASE ○

## Consumer International Wire Transfer Combined Disclosure and Receipt

JPMorgan Chase Bank, N.A.
Desoto and Ventura
20900 Ventura Blvd
Woodland Hills, CA 91364

**Today's Date:**  November 30, 2020
**Wire Transfer Date:**  December 01, 2020

**Date Funds Available to Recipient:**  December 09, 2020
**Chase Wire Tracking Number:**  KI56NADV00AI

**SENDER:**
 ARLENE GRAY
 4148 MATISSE AVE
 WOODLAND HILLS, CA 91364-5337

 (818) 879-3299
**RECIPIENT:**
 Phia Nak

 9610239320

**RECIPIENT BANK:**
 BANGKOK BANK PUBLIC COMPANY LIMITED
 333 SILOM ROAD,BANGRUK,
 BANGKOK, THA

 BKKBTHBKXXX

**Exchange Rate:**  $1 USD = 1 USD

| Amount to be Deducted from Your Account: | | Amount to be Received by the Recipient: | | |
|---|---|---|---|---|
| Transfer Amount: | **$34,550.00** | Transfer Amount: | **34,550.00** | USD |
| Transfer Fees: | **+$0.00** | Other Fees:* | **-0.00** | USD |
| Transfer Taxes: | **+$0.00** | | | |
| Total: | **$34,550.00** | Total to Recipient | **34,550.00** | USD |
| | | *charged by other institutions | | |

*The recipient may receive less due to fees charged by the recipient's bank and foreign taxes.*

**If you provided us an incorrect account number for the Recipient or an incorrect routing or identification number for the Recipient's bank, you could lose the amount of the transfer.**

You have a right to dispute errors in your transaction. If you think there is an error, contact us within 180 days at 1-888-434-3030 or send an account inquiry via Secure Message Center on chase.com.  You can also contact us for a written explanation of your rights.

You can cancel this wire transfer at no cost within 30 minutes after you have authorized us to send this wire transfer.  Please contact 1-800-935-9935 or visit a Chase branch.

If you have questions or complaints about JPMorgan Chase Bank, N.A. contact:
　　　Consumer Financial Protection Bureau
　　　1-855-411-2372
　　　1-855-729-2372 (TTY/TDD)
　　　www.consumerfinance.gov



M1211-13-C5 WPDP (08/2019)

1-2

**CHASE** ⬡

## Wire Transfer Agreement

### 1. Service.

The terms and provisions in this Wire Transfer Agreement ("Agreement") describe our wire transfer service, including what you can expect from us (JPMorgan Chase Bank, N.A.) and the security procedures we will take when you send a wire transfer. If there is a conflict between any section of your Deposit Account Agreement and this Agreement, the provisions of this Agreement will apply.

The following types of wire transfers, when completed by a branch banker or by a Chase Private Client banker, are governed by this Agreement:

- **Domestic Wire Transfer:** A wire transfer sent to a bank within the U.S., including its territories.

- **International Wire Transfer:** A wire transfer sent in either U.S. or foreign currencies, including using our Chase Global Transfer service, to a bank outside the U.S. **Consumer International Wire Transfers** are wires that are sent from an account used primarily for personal, family, or household purposes.

By providing your signature as authorization, as part of our security procedures, you agree to these terms and conditions and authorize us to provide you Domestic Wire Transfers or International Wire Transfers. Wire transfers, when completed using our Online Services or Mobile Services, are governed by a separate agreement.

### 2. Security Procedures.

These security procedures are only to help prevent unauthorized access to your account. All wire transfer requests go through an internal review, and we may need to contact you to verify information about your wire transfer. We may impose stricter security procedures for any particular wire transfer you make, but we have no obligation to do so. If we choose to impose stricter security procedures, we will not be liable to you for any delays or losses, and we will not be obligated to impose such security procedures in the future.

### (a) For Chase Branch Wire Transfers Only:

When you request a wire transfer in a branch you will be required to provide your signature as authorization for each wire transfer and show valid identification. You acknowledge these security procedures used for wire requests you make in a branch are a commercially reasonable method of verifying your branch wire transfer. You are responsible for any wire transfer issued in your name using these security procedures, whether or not you actually authorized the transfer.

### (b) For Chase Private Client Customers Only:

Only Chase Private Client Telephone Banking can complete your wire transfer request using this service. To request wire transfers, you must provide your signature as authorization and maintain an active Chase Private Client Checking or Savings account. On the authorization form you can place a dollar limit on the wire transfers you request.

- You may request a wire transfer by telephone, and you agree that we will confirm your request by using any of the following security procedures, at our discretion:

  - Confirming certain personal information about you

  - Contacting you, another account holder or someone else you have listed on the authorization form.

- You may request a wire transfer by email, and you agree that we will confirm your request by contacting you or another account holder.

- We may call you at any phone number we have for you in our records or to the phone numbers provided on the authorization form.

- You acknowledge that we offer wire transfer services in person at our branches, or online which provide a higher level of security for your accounts, and you can use these options instead. You acknowledge the respective security procedures above for wire transfers are a commercially reasonable method of verifying your wire transfer. You are responsible for any wire transfer issued in your name using these security procedures, whether or not you actually authorized the transfer.

- If you do not specify the account from which to subtract the funds, we can subtract the amount of the wire transfer from any account you designated on the authorization form.

### 3. Processing, Canceling, Delays and Notifications of Wire Transfers.

**(a) Processing:** We'll start processing your wire transfer the same business day if we receive it before the cutoff times we establish from time to time or provide you at the time you request your transfer. If we receive your request after that time, we'll process it the following business day. After we start processing your wire transfer, you must have available funds in the deposit account you designated in your Instructions.

**(b) Canceling:** You have the right to cancel Consumer International Wire Transfers at no cost to you within 30 minutes after you have authorized us to send it. For all other wire transfers, once you have submitted a wire transfer for the current business day, you cannot cancel it after we've begun processing, but you may request us to attempt to return the funds to you. If the recipient's bank agrees, your funds may be returned to you, but likely not the full amount that was originally sent. We will not automatically cancel your wire transfer due to the transfer being delayed by more than five business days; if we do cancel your wire transfer we'll notify you.

**(c) Modifying:** Once a wire transfer has begun processing, we will not be able to change any type of wire transfer requests unless the recipient's bank agrees. If the recipient's bank declines to change the wire transfer request, you will be responsible for the transfer you initially requested.

**(d) Internal Review:** During our internal review, we may subtract funds from your account or place a hold on your account and it may result in processing delays. Once we have released the wire transfer, the recipient's bank may delay credit to the recipient due to their own internal review processes.

**(e) Notifications:** We will send you an email notification on the status of your wire transfer, it will be sent to an email address you have provided. We may also notify you verbally of the status of your wire transfer, but we are not required to do so. If you do not have an email address on file, if the email is returned undeliverable, or we are unable to send an email due to system failures or outages beyond our reasonable control, it is your responsibility to monitor your account for the status of your wire transfer. You may contact us for the status of your wire transfer. These notification methods are deemed to be commercially reasonable. Any other information we may provide upon successfully scheduling a wire transfer is only an indication that we've received your request and not an indication that we've accepted your wire transfer.

### 4. Identifying Number.

We or any other bank involved in the wire transfer will complete your wire transfer request using the account number or bank identification number you provide, even if the numbers do not match the recipient's or bank's name. *If you provided us an incorrect account number for the recipient or an incorrect routing or identification number for the recipient's bank, you could lose the amount of the transfer.*

M1211-13-CS WPDP (08/2019)

1-3



**CHASE ○**

## Wire Transfer Agreement - continued

**5. Future Dated Wire Transfers.**
You may request a future dated (one–time) domestic wire transfer, up to 10 business days from the current business day's cutoff time. You cannot cancel a future dated wire transfer once it has been requested.

**6. Foreign Exchange Transfer.**
It is our discretion in which foreign currencies we will send wire transfers, and these can change at any time. If you send a wire transfer in a foreign currency, you authorize us to deduct the amount from your account at the exchange rate we offered at the time you requested it. The foreign exchange rates we use are determined by us in our sole discretion.

The exchange rate we use will include a spread and may include commissions or other costs that we, our affiliates, or our vendors may charge in providing foreign currency exchange to you. The exchange rate may vary among customers depending on your relationship, products with us or the type of transaction being conducted, the dollar amount, type of currency, and the date and the time of the exchange. You should expect that these rates will be less favorable than rates quoted online or in publications.

If the funds are returned or payment cannot be made for any reason, we will not be liable for more than the amount of the wire transfer at our exchange rate at the time we return the funds to you, less charges taken by any other bank involved in the wire transfer. If you cancel a funds transfer request, other than a cancellation of a Consumer International Funds Transfer within 30 minutes after you authorized us to send it, and it causes a loss or cost to us, we may subtract funds from your account to cover these losses. If your initial request is returned, cancelled or changed, your new wire transfer request will be subject to a new exchange rate.

If the wire transfer is not in the currency of the recipient's account, the recipient's bank or another processing bank may reject the wire transfer or convert it. If converted, you agree the wire transfer may be converted to a different currency at their exchange rate and may subtract additional fees.

**7. Fees and Payment Route.**
We may charge a fee when you use this service. Please refer to your account agreement or product information for fees that may apply. We may use any funds transfer system we believe reasonable to complete your request, regardless of any instructions you might give us. If we also are the recipient's bank, we may complete your request using an internal transfer. You are responsible for all fees and taxes, including our fees and any fees charged by other funds transfer systems or banks involved in the transfer.

**8. Wire Transfer System Rules and Laws.**
The use of this service is subject to all applicable U.S. federal and state laws, regulations, rules and wire transfer arrangements, including the respective state's Uniform Commercial Code Article 4A, as may be applicable. If you make a Consumer International Wire Transfer, it is also subject to additional federal laws and regulations which, in the event of a conflict with this Agreement, will govern. All of your wire transfers must comply with U.S. laws, including the regulations and economic sanctions administered by the U.S. Treasury Department's Office of Foreign Asset Control and other applicable laws.

**9. Indemnification.**
You will indemnify us for all claims, expenses, liabilities, and losses (including reasonable legal fees) if you or a third party makes a claim against us for any of our actions or services in this Agreement, unless they prove gross negligence or willful misconduct. You understand this section will survive even if you close your account or this Agreement is terminated.

**10. Failure to Perform; Limitation of Liability.**
We are only responsible for performing the services specified in this Agreement. We will not be liable for the failure or delay of any wire transfer or for failing to meet other obligations in the Agreement because of circumstances or causes beyond our control, including governmental, legal or regulatory restrictions or prohibitions, third party actions, natural disasters, equipment or system failures, labor disputes, wars or riots. We are not liable for any indirect, special or consequential damages.

Any provision of this Agreement that limits the bank's liability does not negate the bank's duty (if any) under applicable law to act in good faith and with reasonable care.

**11. Changes to the Agreement**
We may change the terms of this Agreement, including fees and features of this service, at any time. If any change would adversely affect you, we will notify you in advance, unless the change is necessary to comply with a legal requirement.

We may direct you to a branch or to your Chase Private Client banker for the content of any changes or the revised Agreement unless the law requires a different method. Your use of this service after we have made such changes available will be considered your agreement to the change.

By providing your signature as authorization, you agree to these terms and conditions, that the wire transfer information in this document is accurate and you authorize us to process this wire transfer.

Recipient Bank's Identifier (ABA/SWIFT): BKKBTHBKXXX _____    Recipient's Account Number: 9610239320 _____

Sender's Signature: _____    Date: _____

Email Address ggarlene.gray@gmail.com _____

Transaction Number (Contact ID)284594189910001 _____

The Email Address and Transaction Number provided will be used for communication purposes.



M1211-13-CS WPDP (08/2019)

1-4



## CHASE ⬡

**Additional Wire Transfer Information:**
Sender Name: ARLENE GRAY

Debit Account: XXXXXX2196 _____ Debit Account Type: CHASE SAPPHIRE CHKG

   Primary ID Type: Driver's License
Issuer: California _____ ID #: g0304291 _____ Issue Date: 09/12/2018 _____ ID Exp Date: 09/25/2023
Secondary ID Type: _____
   Issuer: _____ ID #: _____ Issue Date: _____ ID Exp Date: _____

Message to Recipient: _____
Message to Receiving Bank: _____

**Branch / Department Information**
Initiated by: AZADEH ARASHVAND _____ Initiating Branch: 188238 _____ Phone: 614-248-5800 _____ Request Time: 06:27:38PM/EST

Wire Transfer:  ☐ Approved  ☐ Declined   Approved/Declined by (Print): _____

Approved/Declined by (Signature): _____ Date: _____

Decline Reason: _____ Comments: _____

Approving Manager (wire amount over limit) _____

Method of Approval (attach required supporting documentation)  ☐ Phone call  ☐ Email  ☐ Other (explain) _____

Wire Tracking Information
FX Contract Number (if applicable) _____

M1211-13-CS WPDP (08/2019)

1-5

# EXHIBIT 2

 **CHASE**

## Consumer International Wire Transfer Proof of Payment

You have authorized a Consumer International Wire Transfer in the amount of $35,000.00

This transaction is from account ending in 2196    and sent to :
 BANGKOK BANK PUBLIC COMPANY LIMITED

A Consumer International Wire Fee of  $0.00    will be applied.

**Transaction Date:**  12/03/2020

**Transaction Time:**  03:29:40 PM EDT

**Confirmation Code/ Chase Wire Tracking Number:**   KI9AEASP00AF

---

**Wire Tracking Information**

Transaction Number (Contact ID):
             364595171540001



Page 1 of 1            M1211-17-CS WPOP (05/18)

Exh. 2-1

# CHASE 🅾

## Consumer International Wire Transfer Combined Disclosure and Receipt

JPMorgan Chase Bank, N.A.
West Hills
6400 Platt Ave
West Hills, CA 91307-3216

**Today's Date:** December 03, 2020

**Wire Transfer Date:** December 03, 2020

**Date Funds Available to Recipient:** December 15, 2020

**Chase Wire Tracking Number:** KI9AEASP00AF

**SENDER:**
ARLENE GRAY
4148 MATISSE AVE
WOODLAND HILLS, CA 91364-5337

(818) 879-3299

**RECIPIENT:**
Miss Kunpirom Takunmisi

4967149214

**RECIPIENT BANK:**
BANGKOK BANK PUBLIC COMPANY LIMITED
333 SILOM ROAD,BANGRUK,
BANGKOK, THA

BKKBTHBKXXX

**Exchange Rate:** $1 USD = 1 USD

| Amount to be Deducted from Your Account: | | Amount to be Received by the Recipient: | | |
|---|---|---|---|---|
| Transfer Amount: | **$35,000.00** | Transfer Amount: | **35,000.00** | *USD* |
| Transfer Fees: | **+$0.00** | Other Fees:* | **-0.00** | *USD* |
| Transfer Taxes: | **+$0.00** | | | |
| Total: | **$35,000.00** | Total to Recipient | **35,000.00** | *USD* |
| | | *charged by other institutions | | |

*The recipient may receive less due to fees charged by the recipient's bank and foreign taxes.*

**If you provided us an incorrect account number for the Recipient or an incorrect routing or identification number for the Recipient's bank, you could lose the amount of the transfer.**

You have a right to dispute errors in your transaction. If you think there is an error, contact us within 180 days at 1-888-434-3030 or send an account inquiry via Secure Message Center on chase.com. You can also contact us for a written explanation of your rights.

You can cancel this wire transfer at no cost within 30 minutes after you have authorized us to send this wire transfer. Please contact 1-800-935-9935 or visit a Chase branch.

If you have questions or complaints about JPMorgan Chase Bank, N.A. contact:
    Consumer Financial Protection Bureau
    1-855-411-2372
    1-855-729-2372 (TTY/TDD)
    www.consumerfinance.gov



M1211-13-CS WPDP (08/2019)

2-2

CHASE

# Wire Transfer Agreement

## 1. Service.

The terms and provisions in this Wire Transfer Agreement ("Agreement") describe our wire transfer service, including what you can expect from us (JPMorgan Chase Bank, N.A.) and the security procedures we will take when you send a wire transfer. If there is a conflict between any section of your Deposit Account Agreement and this Agreement, the provisions of this Agreement will apply.

The following types of wire transfers, when completed by a branch banker or by a Chase Private Client banker, are governed by this Agreement:

- **Domestic Wire Transfer:** A wire transfer sent to a bank within the U.S., including its territories.

- **International Wire Transfer:** A wire transfer sent in either U.S. or foreign currencies, including using our Chase Global Transfer service, to a bank outside the U.S. **Consumer International Wire Transfers** are wires that are sent from an account used primarily for personal, family, or household purposes.

By providing your signature as authorization, as part of our security procedures, you agree to these terms and conditions and authorize us to provide you Domestic Wire Transfers or International Wire Transfers. Wire transfers, when completed using our Online Services or Mobile Services, are governed by a separate agreement.

## 2. Security Procedures.

These security procedures are only to help prevent unauthorized access to your account. All wire transfer requests go through an internal review, and we may need to contact you to verify information about your wire transfer. We may impose stricter security procedures for any particular wire transfer you make, but we have no obligation to do so. If we choose to impose stricter security procedures, we will not be liable to you for any delays or losses, and we will not be obligated to impose such security procedures in the future.

### (a) For Chase Branch Wire Transfers Only:

When you request a wire transfer in a branch you will be required to provide your signature as authorization for each wire transfer and show valid identification. You acknowledge these security procedures used for wire requests you make in a branch are a commercially reasonable method of verifying your branch wire transfer. You are responsible for any wire transfer issued in your name using these security procedures, whether or not you actually authorized the transfer.

### (b) For Chase Private Client Customers Only:

Only Chase Private Client Telephone Banking can complete your wire transfer request using this service. To request wire transfers, you must provide your signature as authorization and maintain an active Chase Private Client Checking or Savings account. On the authorization form you can place a dollar limit on the wire transfers you request.

- You may request a wire transfer by telephone, and you agree that we will confirm your request by using any of the following security procedures, at our discretion:

  - Confirming certain personal information about you

  - Contacting you, another account holder or someone else you have listed on the authorization form.

- You may request a wire transfer by email, and you agree that we will confirm your request by contacting you or another account holder.

- We may call you at any phone number we have for you in our records or to the phone numbers provided on the authorization form.

- You acknowledge that we offer wire transfer services in person at our branches, or online which provide a higher level of security for your accounts, and you can use these options instead. You acknowledge the respective security procedures above for wire transfers are a commercially reasonable method of verifying your wire transfer. You are responsible for any wire transfer issued in your name using these security procedures, whether or not you actually authorized the transfer.

- If you do not specify the account from which to subtract the funds, we can subtract the amount of the wire transfer from any account you designated on the authorization form.

## 3. Processing, Canceling, Delays and Notifications of Wire Transfers.

**(a) Processing:** We'll start processing your wire transfer the same business day if we receive it before the cutoff times we establish from time to time or provide you at the time you request your transfer. If we receive your request after that time, we'll process it the following business day. After we start processing your wire transfer, you must have available funds in the deposit account you designated in your Instructions.

**(b) Canceling:** You have the right to cancel Consumer International Wire Transfers at no cost to you within 30 minutes after you have authorized us to send it. For all other wire transfers, once you have submitted a wire transfer for the current business day, you cannot cancel it after we've begun processing, but you may request us to attempt to return the funds to you. If the recipient's bank agrees, your funds may be returned to you, but likely not the full amount that was originally sent. We will not automatically cancel your wire transfer due to the transfer being delayed by more than five business days; if we do cancel your wire transfer we'll notify you.

**(c) Modifying:** Once a wire transfer has begun processing, we will not be able to change any type of wire transfer requests unless the recipient's bank agrees. If the recipient's bank declines to change the wire transfer request, you will be responsible for the transfer you initially requested.

**(d) Internal Review:** During our internal review, we may subtract funds from your account or place a hold on your account and it may result in processing delays. Once we have released the wire transfer, the recipient's bank may delay credit to the recipient due to their own internal review processes.

**(e) Notifications:** We will send you an email notification on the status of your wire transfer, it will be sent to an email address you have provided. We may also notify you verbally of the status of your wire transfer, but we are not required to do so. If you do not have an email address on file, if the email is returned undeliverable, or we are unable to send an email due to system failures or outages beyond our reasonable control, it is your responsibility to monitor your account for the status of your wire transfer. You may contact us for the status of your wire transfer. These notification methods are deemed to be commercially reasonable. Any other information we may provide upon successfully scheduling a wire transfer is only an indication that we've received your request and not an indication that we've accepted your wire transfer.

## 4. Identifying Number.

We or any other bank involved in the wire transfer will complete your wire transfer request using the account number or bank identification number you provide, even if the numbers do not match the recipient's or bank's name. *If you provided us an incorrect account number for the recipient or an incorrect routing or identification number for the recipient's bank, you could lose the amount of the transfer.*



M1211-13-CS WPDP (08/2019)

2-3

CHASE ◯

## Wire Transfer Agreement - continued

**5. Future Dated Wire Transfers.**

You may request a future dated (one–time) domestic wire transfer, up to 10 business days from the current business day's cutoff time. You cannot cancel a future dated wire transfer once it has been requested.

**6. Foreign Exchange Transfer.**

It is our discretion in which foreign currencies we will send wire transfers, and these can change at any time. If you send a wire transfer in a foreign currency, you authorize us to deduct the amount from your account at the exchange rate we offered at the time you requested it. The foreign exchange rates we use are determined by us in our sole discretion.

The exchange rate we use will include a spread and may include commissions or other costs that we, our affiliates, or our vendors may charge in providing foreign currency exchange to you. The exchange rate may vary among customers depending on your relationship, products with us or the type of transaction being conducted, the dollar amount, type of currency, and the date and the time of the exchange. You should expect that these rates will be less favorable than rates quoted online or in publications.

If the funds are returned or payment cannot be made for any reason, we will not be liable for more than the amount of the wire transfer at our exchange rate at the time we return the funds to you, less charges taken by any other bank involved in the wire transfer. If you cancel a funds transfer request, other than a cancellation of a Consumer International Funds Transfer within 30 minutes after you authorized us to send it, and it causes a loss or cost to us, we may subtract funds from your account to cover these losses. If your initial request is returned, cancelled or changed, your new wire transfer request will be subject to a new exchange rate.

If the wire transfer is not in the currency of the recipient's account, the recipient's bank or another processing bank may reject the wire transfer or convert it. If converted, you agree the wire transfer may be converted to a different currency at their exchange rate and may subtract additional fees.

**7. Fees and Payment Route.**

We may charge a fee when you use this service. Please refer to your account agreement or product information for fees that may apply. We may use any funds transfer system we believe reasonable to complete your request, regardless of any instructions you might give us. If we also are the recipient's bank, we may complete your request using an internal transfer. You are responsible for all fees and taxes, including our fees and any fees charged by other funds transfer systems or banks involved in the transfer.

**8. Wire Transfer System Rules and Laws.**

The use of this service is subject to all applicable U.S. federal and state laws, regulations, rules and wire transfer arrangements, including the respective state's Uniform Commercial Code Article 4A, as may be applicable. If you make a Consumer International Wire Transfer, it is also subject to additional federal laws and regulations which, in the event of a conflict with this Agreement, will govern. All of your wire transfers must comply with U.S. laws, including the regulations and economic sanctions administered by the U.S. Treasury Department's Office of Foreign Asset Control and other applicable laws.

**9. Indemnification.**

You will indemnify us for all claims, expenses, liabilities, and losses (including reasonable legal fees) if you or a third party makes a claim against us for any of our actions or services in this Agreement, unless they prove gross negligence or willful misconduct. You understand this section will survive even if you close your account or this Agreement is terminated.

**10. Failure to Perform; Limitation of Liability.**

We are only responsible for performing the services specified in this Agreement. We will not be liable for the failure or delay of any wire transfer or for failing to meet other obligations in the Agreement because of circumstances or causes beyond our control, including governmental, legal or regulatory restrictions or prohibitions, third party actions, natural disasters, equipment or system failures, labor disputes, wars or riots. We are not liable for any indirect, special or consequential damages.

Any provision of this Agreement that limits the bank's liability does not negate the bank's duty (if any) under applicable law to act in good faith and with reasonable care.

**11. Changes to the Agreement**

We may change the terms of this Agreement, including fees and features of this service, at any time. If any change would adversely affect you, we will notify you in advance, unless the change is necessary to comply with a legal requirement.

We may direct you to a branch or to your Chase Private Client banker for the content of any changes or the revised Agreement unless the law requires a different method. Your use of this service after we have made such changes available will be considered your agreement to the change.

---

By providing your signature as authorization, you agree to these terms and conditions, that the wire transfer information in this document is accurate and you authorize us to process this wire transfer.

Recipient Bank's Identifier (ABA/SWIFT): BKKBTHBKXXX      Recipient's Account Number: 4967149214

Sender's Signature: _____      Date: _____

Email Address  ggarlene.gray@gmail.com _____

Transaction Number (Contact ID)364595171540001 _____

The Email Address and Transaction Number provided will be used for communication purposes.



M1211-13-CS WPDP (08/2019)

2-4

# CHASE 🠚

**Additional Wire Transfer Information:**
Sender Name: ARLENE GRAY

Debit Account: XXXXXX2196 _____ Debit Account Type: CHASE SAPPHIRE CHKG

Primary ID Type: Driver's License
Issuer: California _____ ID #: g0304291 _____ Issue Date: 09/12/2018 _____ ID Exp Date: 09/25/2023
Secondary ID Type: _____
Issuer: _____ ID #: _____ Issue Date: _____ ID Exp Date: _____

Message to Recipient: _____
Message to Receiving Bank: _____

**Branch / Department Information**
Initiated by: JULIE FINLAY _____ Initiating Branch: 741265 _____ Phone: 818-593-6532 _____ Request Time: 03:23:42PM/EST

Wire Transfer:   ☐ Approved   ☐ Declined      Approved/Declined by (Print): _____

Approved/Declined by (Signature): _____ Date: _____

Decline Reason: _____ Comments: _____

Approving Manager (wire amount over limit) _____

Method of Approval (attach required supporting documentation)   ☐ Phone call  ☐ Email  ☐ Other (explain) _____

Wire Tracking Information
FX Contract Number (if applicable) _____



M1211-13-CS WPDP (08/2019)

2-5

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Van Nuys Courthouse East<br>6230 Sylmar Avenue, Van Nuys, CA 91401 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>12/17/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ A. Salcedo _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21VECV01726 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Huey P. Cotton | A | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 12/17/2021
  (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By A. Salcedo _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles
12/20/2021
Sherri R. Carter, Executive Officer / Clerk of Court
By: _____A. Ataryan_____ Deputy

COURTHOUSE ADDRESS:
Van Nuys Courthouse East
6230 Sylmar Avenue, Van Nuys, CA 91401

PLAINTIFF:
Douglas G. Gray, an Individual  et al

DEFENDANT:
Kristine Ben, an Individual et al

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
21VECV01726

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 04/18/2022 | Time: 8:30 AM | Dept.: A |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT  FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: __12/20/2021__

_____Huey P. Cotton / Judge_____
Judicial Officer

---

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in _Van Nuys_, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Courtney Overland
100 Wilshire Bl., Ste 700

Santa Monica, CA 90401

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: __12/20/2021__

By _A. Ataryan_
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter V@^^

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Van Nuys Courthouse East 6230 Sylmar Avenue, Van Nuys, CA 91401 | **FILED** Superior Court of California County of Los Angeles 12/20/2021 Sherri R. Carter, Executive Officer / Clerk of Court By: _____ A. Ataryan _____ Deputy |
| PLAINTIFF/PETITIONER: Douglas G. Gray, an Individual  et al | |
| DEFENDANT/RESPONDENT: Kristine Ben, an Individual et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER: 21VECV01726 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Van Nuys, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Courtney  Overland
Law Offices of Overland & Overland
100 Wilshire Bl., Ste 700
Santa Monica, CA  90401

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 12/20/2021                    By:  A. Ataryan _____
                                              Deputy Clerk

**CERTIFICATE OF MAILING**

Case 2:22-cv-03090-DSF-PVC    Document 1    Filed 05/06/22    Page 52 of 59   Page ID
#:52
Electronically FILED by Superior Court of California, County of Los Angeles on 04/08/2022 10:49 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Inloes,Deputy Clerk

1  **MARK E. OVERLAND (State Bar No. 038375)**
   **COURTNEY OVERLAND (State Bar No. 289666)**
2  **LAW OFFICES OF OVERLAND & OVERLAND**
   100 Wilshire Blvd., Ste. 700
3  Santa Monica, CA  90401
   Telephone:  (310) 459-2830
4  Facsimile:  (213) 459-4621
   Email:      mark@overlaw.net,
5              courtney@overlaw.net

6  **Attorneys for Plaintiffs**
   DOUGLAS G. GRAY
7  ARLENE GRAY

8
                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9
              **FOR THE COUNTY OF LOS ANGELES, NORTHWEST DISTRICT**
10

11 DOUGLAS G. GRAY, an Individual,      ) Case No. 21VECV01726
   and ARLENE GRAY, an Individual,      )
12                                      ) Assigned to Hon. Huey Cotton
                                        )
13          Plaintiffs,                 )
                                        )
14          v.                          ) **PROOF OF SERVICE RE FIRST**
                                        ) **AMENDED VERIFIED**
15 KRISTINE BEN, an Individual, and     ) **COMPLAINT FOR DAMAGES FOR**
16 JPMORGAN CHASE BANK, N.A., a         ) **(1) NEGLIGENCE; ELDER**
   Corporation, and DOES 1-10,         ) **FINANCIAL ABUSE**
17                                      )
                                        )
18          Defendants.                 )
   _____     )
19

20

21

22

23

24

25

26

27

28

_____
                  PROOF OF SERVICE RE FIRST AMENDED VERIFIED COMPLAINT

1

## **PROOF OF SERVICE**

2

3       I am employed in the County of Los Angeles, State of California. I am over the age

4   of 18 and not a party to the within action. My business address is 100 Wilshire Blvd., Suite

5   700, Santa Monica, CA 90401.

6       On April 7, 2022, I caused to be served the within document(s) described as:

7   **SUMMONS ON FIRST AMENDED VERIFIED COMPLAINT; FIRST AMENDED**

8   **VERIFIED COMPLAINT FOR DAMAGES FOR (1) NEGLIGENCE; (2) ELDER**
    **FINANCIAL ABUSE; EXHIBITS; CIVIL CASE COVER SHEET; CIVIL CASE**

9   **COVER SHEET ADDENDUM; VOLUNTARY EFFICIENT LITIGATION**
    **STIPULATIONS; STIPULATION – EARLY ORGANIZATIONAL MEETING;**

10  **INFORMAL DISCOVERY CONFERENCE; STIPULATION-DISCOVERY**
    **RESOLUTION; STIPULATION AND ORDER-MOTIONS IN LIMINE; NOTICE**

11  **OF CASE ASSIGNMENT-UNLIMITED CIVIL CASE; NOTICE RE:**
    **CONTINUANCE OF HEARING AND ORDER**

12

13  on the interested parties in this action as stated below:

14      **By First Class Mail:**

15  JP Morgan Chase Bank
    Service of Process

16  CT Corporation System
    818 West Seventh Street

17  Los Angeles CA, 90017-0000

18

19      Executed on April 7, 2022 at Santa Monica, California.

20      I declare under penalty of perjury under the laws of the State of California that the

21  foregoing is true and correct.

22  _Courtney Overland_

23  (signature)

24

25

26

27

28

PROOF OF SERVICE RE FIRST AMENDED VERIFIED COMPLAINT

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Van Nuys Courthouse East<br>6230 Sylmar Avenue, Van Nuys, CA 91401 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>02/15/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Redmond _____ Deputy |
| PLAINTIFF(S):<br>Douglas G. Gray, an Individual  et al | |
| DEFENDANT(S):<br>Kristine Ben, an Individual et al | |
| **NOTICE RE: CONTINUANCE OF HEARING AND ORDER** | CASE NUMBER:<br>21VECV01726 |

TO THE PLAINTIFF(S) AND ATTORNEY(S) OF RECORD AND / OR PARTIES IN PROPRIA PERSONA:

You are hereby notified that the Case Management Conference

previously set for hearing on 04/18/2022 in Department A has been reset for

hearing in the same department on 07/21/2022 at 8:30 AM.

---

## ORDER

You are ordered to give notice by mail forthwith of such fact to all parties and to file proof of service of such

notice forthwith in the assigned department, located at Van Nuys Courthouse East

6230 Sylmar Avenue, Van Nuys, CA 91401.

Dated: 02/15/2022

_Huey Cotton_

Huey P. Cotton / Judge

Judicial Officer

**NOTICE RE: CONTINUANCE OF HEARING AND ORDER**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Van Nuys Courthouse East<br>6230 Sylmar Avenue, Van Nuys, CA 91401 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>02/15/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Redmond _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Douglas G. Gray, an Individual  et al | |
| DEFENDANT/RESPONDENT:<br>Kristine Ben, an Individual et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21VECV01726 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice Re: Continuance of Hearing and Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Van Nuys, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Courtney  Overland
Law Offices of Overland & Overland
100 Wilshire Bl., Ste 700
Santa Monica, CA  90401

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>02/15/2022</u>          By:  <u>R. Redmond</u>
                                      Deputy Clerk

**CERTIFICATE OF MAILING**

**MARK E. OVERLAND (State Bar No. 038375)**
**COURTNEY OVERLAND (State Bar No. 289666)**
**LAW OFFICES OF OVERLAND & OVERLAND**
100 Wilshire Blvd., Ste. 700
Santa Monica, CA  90401
Telephone:  (310) 459-2830
Facsimile:   (213) 459-4621
Email:        mark@overlaw.net,
               courtney@overlaw.net

**Attorneys for Plaintiffs**
DOUGLAS G. GRAY
ARLENE GRAY

**FILED**
Superior Court of California
County of Los Angeles

**02/10/2022**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____  Deputy
          R. Redmond

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, CHATSWORTH DIVISION

| | |
|---|---|
| DOUGLAS G. GRAY, an Individual, and ARLENE GRAY, an Individual,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTINE BEN, an Individual, and JPMORGAN CHASE BANK, N.A., a Corporation, and DOES 1-10,<br><br>Defendants. | Case No. 21VECV01726<br><br>Dept. A<br><br>Judge: Hon. Huey P. Cotton<br><br>~~[PROPOSED]~~ ORDER RE PLAINTIFFS' REQUEST FOR CONTINUANCE OF APRIL 18, 2022 CASE MANAGEMENT CONFERENCE |

_____

     GOOD CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED that

Plaintiffs' request to continue the case management conference set for April 18, 2022

is granted.

     The new date for the case management conference is

_____  .

DATED: _____, 2022      _____
                                  Judge Huey P. Cotton

Electronically Received 02/10/2022 11:50 AM

Electronically FILED by Superior Court of California, County of Los Angeles on 01/02/2022 11:50 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. B굴adiyan, Deputy Clerk

1 **MARK E. OVERLAND (State Bar No. 038375)**
**COURTNEY OVERLAND (State Bar No. 289666)**
2 **LAW OFFICES OF OVERLAND & OVERLAND**
100 Wilshire Blvd., Ste. 700
3 Santa Monica, CA 90401
Telephone: (310) 459-2830
4 Facsimile: (213) 459-4621
Email:    mark@overlaw.net,
5    courtney@overlaw.net

6 **Attorneys for Plaintiffs**
DOUGLAS G. GRAY
7 ARLENE GRAY

8

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

## FOR THE COUNTY OF LOS ANGELES, CHATSWORTH DIVISION

10

11 DOUGLAS G. GRAY, an Individual,
and ARLENE GRAY, an Individual,          ) Case No. 21VECV01726
12                                        )
                                          ) Dept. A
13              Plaintiffs,               )
                                          ) Judge: Hon. Huey P. Cotton
14          v.                            )
                                          ) **PLAINTIFFS' REQUEST FOR**
15 KRISTINE BEN, an Individual, and       ) **CONTINUANCE OF APRIL 18, 2022**
16 JPMORGAN CHASE BANK, N.A., a           ) **CASE MANAGEMENT**
Corporation, and DOES 1-10,              ) **CONFERENCE; [PROPOSED]**
17                                        ) **ORDER**
18              Defendants.               )
_____
19

20          PLAINTIFFS, BY AND THROUGH THEIR ATTORNEYS OF RECORD,

21 respectfully request a continuance of the Case Management Conference, currently

22 scheduled for April 18, 2022.

23          Plaintiffs are in need of a continuance because Plaintiffs' counsel has a prepaid

24 vacation out of the country from April 18th through April 25th.

25          Additionally, Plaintiffs have not served the Complaint and plan to file and serve a

26 First Amended Complaint before the end of February.

27 **//**

28 //

_____
REQUEST TO CONTINUE CMC

1 | DATED: February 9, 2022        LAW OFFICES OF OVERLAND & OVERLAND

2

3

4 | By:  COURTNEY OVERLAND
Attorneys for Plaintiffs
5 | DOUGLAS G. GRAY
ARLENE GRAY

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*
### ON FIRST AMENDED VERIFIED COMPLAINT

| | FOR COURT USE ONLY |
|---|---|
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
KRISTINE BEN, an Individual, and JP MORGAN
CHASE BANK, N.A., a Corporation, and DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DOUGLAS G. GRAY and ARLENE GRAY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER: |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | *(Número del Caso):* |

SUPERIOR COURT OF CALIFORNIA - COUNTY OF LOS ANGELES
6230 Sylmar Avenue
Van Nuys, CA 91401

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

COURTNEY OVERLAND, ESQ. 289666 LAW OFFICES OF OVERLAND AND OVERLAND
100 Wilshire Bl., Suite 700 (310) 459-2830
Santa Monica, CA 90401

Sherri R. Carter Executive Officer / Clerk of Court

| DATE:<br>*(Fecha)* 03/11/2022 | Clerk, by<br>*(Secretario)* L. Marquez | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS**<br>**ON FIRST AMENDED VERIFIED COMPLAINT** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |